**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

CHARLES ADAM FIECHTNER, SR.,      CV 11-6-M-DWM-JCL

         Plaintiff,

     vs.               FINDINGS AND
                         RECOMMENDATION
GEICO INSURANCE,
CASANDRA ALFORD,
PETER WUERTZ, and
OFFICER VANCE, an Arizona
Police Officer,

         Defendants.

_____

## I.  INTRODUCTION AND _IN FORMA PAUPERIS_ APPLICATION

Plaintiff Charles Fiechtner, Sr. has filed an amended application to proceed in forma pauperis as directed by the Court's Order entered January 31, 2011, filed in one of Fiechtner's other cases, _Fiechtner v. Peevey, et al._, CV 11-7-M-DWM-JCL.  The Court takes judicial notice of that application for purposes of considering Fiechtner's eligibility to proceed in forma pauperis in this action.

Upon review of Fiechtner's amended application, the Court finds his declaration satisfies the financial eligibility standard applicable under 28 U.S.C. § 1915(a).  Therefore, **IT IS HEREBY ORDERED** that Fiechtner is granted leave

to proceed in forma pauperis, and this action may proceed without payment of the filing fee.

Fiechtner has also filed an Amended Complaint as required by the Court's February 1, 2011 Order entered in this case.  In view of Fiechtner's in forma pauperis status, the Court must conduct a preliminary screening of his allegations pursuant to 28 U.S.C. § 1915(e)(2).  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review Fiechtner's Amended Complaint to consider whether it can survive dismissal under these provisions.

*See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Fiechtner filed his original Complaint on January 18, 2011.  In his Complaint Fiechtner alleged that he was injured after being drug by a truck. Fiechtner states this incident occurred in Coolidge, Arizona in 2002.

The Court conducted a preliminary review of Fiechtner's Complaint, and by Order entered February 1, 2011, advised Fiechtner that the numerous defects in the allegations of the Complaint indicated that this action could not be brought in this Court because the incident in which he was injured occurred in the State of Arizona.  The Court provided Fiechtner the opportunity to file an amended complaint to further explain the circumstances surrounding the Arizona incident.

Fiechtner's statements in the Amended Complaint — together with the attached documents — confirm that the incident in which Fiechtner states he was injured occurred in Coolidge, Arizona.[1]  Fiechtner states that Casandra Alford was operating the vehicle involved in the incident.

Fiechtner identifies GEICO Insurance in the caption of his Amended Complaint, and he identifies Peter Wuertz, and Officer Vance as Defendants in the body of his pleading.  But he fails to state how GEICO, Wuertz, or Officer Vance

---

[1]Fiechtner also identifies Officer Vance, a Police Officer in Coolidge, Arizona, as an additional Defendant.  Documents of record reflect that Officer Vance is the person to whom Fiechtner apparently reported the incident.

were involved in the Arizona incident — he does not set forth any allegations describing any conduct committed by any of these Defendants.

## III.  DISCUSSION

Fiechtner is proceeding pro se in this case.  Therefore, the Court must construe his pleading liberally, and the pleading is held to less stringent standards.[2]  A court should consider granting a pro se litigant an opportunity to amend a defective pleading unless the court determines that the pleading could not possibly be cured by the allegation of other facts.[3]

This action should be dismissed on the ground that the State of Montana is not the proper venue— or in other words, the proper court — for Fiechtner's claims.  As a preliminary matter, Fiechtner is advised the that procedural rules do not permit a plaintiff to simply file a lawsuit in any State as desired by the plaintiff.  The rules do not permit Fiechtner to file a lawsuit in Montana simply because he lives in Montana.

By Order entered February 1, 2011, the Court advised Fiechtner what facts are necessary to establish that Montana is the proper State in which this action can

---

[2]*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

[3]*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

4

be filed.[4]  The Court repeats that 28 U.S.C. § 1391 sets forth the rules for

determining the proper venue for cases filed in the federal courts.  In general, the

proper venue for an action in federal court is "(1) a judicial district where any

defendant resides, if all defendants reside in the same State, (2) a judicial district

in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is

situated, [...] (3) a judicial district in which any defendant is subject to personal

jurisdiction at the time the action is commenced, if there is no district in which the

action may otherwise be brought.[,]" or (4) "a judicial district in which any

defendant may be found, if there is no district in which the action may otherwise

be brought."  28 U.S.C. § 1391(a) and (b).

Fiechtner's Amended Complaint establishes that none of the Defendants

reside in the State of Montana.  Additionally, Fiechtner's allegations establish that

all of the events or omissions that give rise to this lawsuit occurred in the State of

Arizona, not in the State of Montana.  Finally, Fiechtner's allegations do not

invoke the venue provisions in alternatives (3) or (4) listed above.  To the extent

---

[4]The Court may properly raise the improper venue issue under the
circumstances of this case.  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.
1986); *Bennett v. Aurora Behavioral Health Care*, 2009 WL 178489, *2 (C.D.
Cal. 2009).

Fiechtner may have a cause of action against any of the Defendants, the action would properly be venued in the State of Arizona, but not in the State of Montana.

Because Fiechtner filed this action in the wrong venue, the circumstances of this case invoke the provisions of 28 U.S.C. § 1406(a) which require the court to either dismiss the lawsuit, or transfer it to another State in which the lawsuit could have been filed if a transfer would serve the interests of justice.  The district court has discretion in determining whether to dismiss or transfer an action under § 1406(a).[5]

The Court finds no factors exist in this case that would compel a transfer of this action to the United States District Court for the District of Arizona. Although Fiechtner resides in Montana, he was free to commence this action in the State or Federal courts in Arizona if he desired to do so.  Additionally, dismissal of this action would be without prejudice to Fiechtner's ability to re-file his complaint in Arizona.  Therefore, there is no interest of justice that warrants a transfer of this action.

Based on the foregoing, the Court finds Fiechtner's Amended Complaint is subject to dismissal for improper venue.  Having previously afforded Fiechtner an opportunity to cure the defects in his original Complaint, and to file an Amended

---

[5] *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

6

Complaint which sufficiently establishes the State of Montana as the proper venue, the Court finds that Fiechtner's Amended Complaint could not possibly be cured by the allegation of other facts.

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** for lack of proper venue.

DATED this 28th day of February, 2011.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge